The People of Puerto Rico, Plaintiff and Appellee, *v.* Francisco Soto Gao, Defendant and Appellant.

No. 7853.   Argued November 16, 1939.—Decided January 25, 1940.

*Luis Vizcarrondo,* for appellant; *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the Court.

A complaint was filed against Francisco Soto Gao before the Municipal Court of San Juan, Third Section, because on June 6, 1938, on Ponce de León Avenue, in the City of San Juan, he illegally, voluntarily and maliciously and without any authorization from the Public Service Commission was acting as a public carrier, taking passengers and charging per seat, from Río Piedras to San Juan in the automobile P-2990, which he drove as chauffeur, thereby violating the final order of said Commission dated January 4, 1938, and

approved by the Governor and published in the newspapers *"El Mundo"*, *"La Correspondencia"* and *"El País."*

A new trial was had on appeal to the district court by the defendant and he was found guilty and sentenced to pay a fine of fifty dollars or spend one day in jail for each dollar unpaid.

Soto Gao filed this appeal and in his brief assigns two errors as committed by the lower court, one, in basing its judgment on vague and insufficient evidence, and, two, in making the following statements when rendering judgment: "In these cases the passengers very often testify in favor of the accused. The court gives entire credence to the policeman's testimony and finds the defendant guilty . . ."

■■ Let us analyze the evidence. The complainant policeman, Nazario Gómez, testified for the People. He said that on June 6, 1938, at stop 17, Ponce de León, Ave., Santurce, the defendant who was driving the public car No. P–2990, took on the passenger Guillermina López, who told him in the presence of the defendant that she was going to San Juan.

Feliciano Colón, Pedro Rivera and the defendant himself testified for the defense.

Feliciano Colón testified that he got in defendant's car at San Juan, and that while going towards Caguas, on stop 16, two ladies got in, who were going to said city; that the policeman stopped them at stop 17 and ordered them to go to Police Headquarters. Pedro Rivera testified that on June 6th, in the afternoon, they were going to Caguas in defendant's car, that at stop 16½ two ladies got on who were also going to that city and "when we reached stop 19, a policeman came over to us, a red-headed one that is usually there, and he told us to turn back and then took us to the Police Station . . ." The defendant testified:

"On that day I was going to Caguas in a public car and while going around the *plaza* I took on three passengers for Caguas and on stop 16 two ladies stopped me. They yelled: 'Caguas?', and I

stopped and took them on and the policeman who was quite far away and was coming from there to here, came up to me and said: 'Go to the Police Station', and I said: 'Why?', and he said: 'I have nothing to say to you.' I then called a chauffeur to take the passengers out to the road so they could take a bus.''

The court called the policeman again and in answer to questions of the court he stated that he was perfectly sure that the defendant's automobile was going toward San Juan. Thus the case was submitted to the trial judge and he decided it in the aforesaid manner.

This is a case of contradictory evidence. The conflict was decided in favor of the People and it cannot be said that the evidence for the People was vague and insufficient. The defendant could have brought Guillermina López to testify. He did not and her statements, made to the policeman in the presence of the defendant, may be taken as true. Furthermore, the defendant testified and although what he said perhaps includes an implicit denial, he said nothing as to whether or not Guillermina López actually made the statements attributed to her by the policeman.

■ The first error was not committed. Neither was the second, as we see nothing incorrect in the statements made by the judge.

To say that in these cases the passengers very often testify in favor of the defendant, does not involve bias, prejudice or partiality, nor manifest error. It is applying to the appraisal of the evidence the fruit of experience.

If the witnesses for the defendant had convinced the judge that they were speaking the truth, he certainly would have made an exception of them and believed them. It cannot be maintained that it was only on preconceived opinions and not as a result of the evidence in the case being held that the judgment was rendered.

The judgment appealed from must be affirmed.